COPE, Judge
(concurring in part and dissenting in part).
I concur in affirming the trial court’s decision to award permanent alimony in this dissolution of a 27-year marriage.
I respectfully dissent with regard to the amount of the permanent alimony award, and would remand for a new hearing. The former husband in this case has been ordered to pay a total of $1,145 per month in alimony and child support. When the figures in this record are analyzed, it is clear that the former husband’s net income is at best $1,552 per month. There is no substantial competent evidence supporting the trial court’s determination that the net income is $2,108 per month. There must be a new hearing to set a proper support amount.
I.
The trial court in the first instance, and this court on review, has a responsibility to exercise particular care in the initial setting of support awards and the initial determination of the husband’s ability to pay the award. That is so because the initial determination of ability to pay, once affirmed on appeal, sets the baseline for all future actions for enforcement. As stated in Bowen v. Bowen, 471 So.2d 1274 (Fla.1985):
[T]he initial order or judgment directing a party to pay support or alimony is predicated on an affirmative finding that the party has the ability to pay. This initial judicial determination creates, in subsequent proceedings, a presumption that there is an ability to pay.
Id. at 1278. If after affirmance on appeal the husband fails to pay the amount ordered and a motion for contempt is brought, “[t]he burden of producing evidence then shifts to the defaulting party, who must dispel the presumption of ability to pay by demonstrating that, due to circumstances beyond his *768 control which intervened since the time the order directing him to pay was entered, he no longer has the ability to meet his support obligations.” Id. at 1278-79 (emphasis added).
Consequently, the ruling on the present appeal mil set the baseline for any subsequent contempt proceedings in the event of nonpayment. The husband has specifically appealed on the question of ability to pay, and the present record shows a clearly excessive award which the husband will be unable to pay.
II.
The husband in this case is an independent trucker who owns his own tractor. He has hauled cargo for the same cargo firm for many years. The cargo firm pays him for loads hauled, deducting only for liability insurance for the truck. The husband must pay for all fuel, oil, maintenance, repair, tag, taxes, uniforms, and a helper.
At the final hearing the husband’s 1993 tax return and the husband’s financial affidavit were introduced into evidence. The figures on these two documents are reasonably consistent with each other.
The husband’s tax return was prepared by an accountant. Using the income tax figures, the husband has a gross income of $3,912 per month, and itemized business expenses of $2,390 per month.[3] This yields $1,522 per month net business income. The trial court ordered the husband to pay child support and alimony of $1,145 per month.[4] Obviously, this is an excessive support award when measured against a net income of $1,522 per month.
The trial court instead arrived at a net income figure of $2,108 per month. When confronted with the income tax figures, the trial court stated “the Court finds that his expenses are less than asserted since some receipts submitted dated back to years which were not in issue in this case.” Final judgment at 6. The problem is that whatever receipts the trial court referred to are not in this record. Nothing in this record supports the trial court’s conclusion. The husband’s net income as calculated from the income tax return is $1,522 per month. In order to justify a net income figure of $2,108 per month, the trial court would have had to find that the husband was claiming excess business expenses in the amount of $586 per month, or $7,032 for the 1993 tax year.[5] There is simply no showing anywhere in this record of any overstatement of that order of magnitude, either in the testimony at trial or in the documents which were introduced into evidence.[6]
The husband also submitted a financial affidavit as prescribed by form 1.975 of the Florida Rules of Civil Procedure. This form is confusing and the husband placed some of the information in incorrect categories. Nonetheless, when the affidavit is examined as a whole, all of the relevant information is clearly expressed and consistent with the income tax information.
Form 1.975 contains an item calling for “business income,” which comes shortly after an item entitled “average gross monthly income from employment.” The preparer of the form interpreted these items to call for gross business income, and thus entered the husband’s gross business income in both places. This was a misinterpretation of the form. The husband is not an employee, so “gross monthly income from employment” should have been left blank. Further, the “business income” item is actually supposed to be net (not gross) business income, namely, “gross receipts minus ordinary and necessary expenses required to produce income.” Fla.R.Civ.P. Form 1.975. The preparer of the form instead put almost all of the truck *769 operating expenses elsewhere in the affidavit under automobile expenses, which is an item intended to show personal expenses.[7]
The result was that in calculating what was supposed to be a net monthly income figure for the husband, the affidavit used a gross income figure without deducting for most of the business expenses. This becomes obvious on reading the entire affidavit, however, because the truck expenses are clearly labeled as such and are found under the automobile expense item. The husband repeatedly argued in the trial court that his business expenses had to be taken into account in assessing his ability to pay a support award. The $2,108 per month figure used by the trial court does not do so, and flows directly from using a net figure on the affidavit without analyzing the underlying financial information.[8]
The former wife argues that the substantial competent evidence in support of the trial court’s ruling is the financial affidavit itself. According to the wife, the court may appropriately pick up the net income figure appearing on the husband’s affidavit and completely ignore how that net income figure was calculated. She contends that the court should ignore the remaining contents of the affidavit and should ignore the fact that in calculating the net income figure, almost all of the husband’s business expenses were excluded.
Plainly, the wife’s argument is without merit. The purpose of the final hearing is to set a reasonable award which the husband can actually afford to pay. There must be a fair analysis of all of the relevant financial data. The financial affidavit form is not supposed to be a “gotcha” litigation document which unfairly penalizes a party for reporting business expenses in the wrong place on the form, where the data is clearly disclosed, clearly labeled, and plain for all to see.
More troublesome is the wife’s correct contention that in the proposed final judgment, the husband stated at one point that his net income was $2,108 per month. That statement does not, however, support an affir-mance in this ease.
The husband’s proposed final judgment contained a paragraph entitled “child support,” which stated in part, “The Husband has a net income, after subtracting allowable deductions of $2,108.00 per month.” This portion of the proposed final judgment went on to compute the child support amount as required by that figure under section 61.30, Florida Statutes. The $2,108 figure was presented under the husband’s misapprehension that for purposes of the child support guidelines, a parent could not subtract business expenses, but was only allowed to utilize the deductions enumerated in subsection 61.30(3), Florida Statutes (1993). That figure was erroneous, of course, because the child support guidelines do specifically allow deduction of business expenses. See id. § 61.30.2(a)(3) & Fla.R.Civ.P. Form 1.975.
It could be argued, therefore, that the husband is stuck with the $2,108 figure for purposes of calculating child support. In this case the trial court ruled that the husband must pay child support of $395 per month. If this were the only support award made in this case, conceivably we should not disturb the trial court ruling.[9]
*770 However, even though the husband proceeded under a misapprehension of law regarding the calculation of child support, the husband did not repeat the same error in his argument, or in his proposed final judgment, on the subject of alimony. To the contrary, in the “alimony” section of the proposed final judgment, the husband began with his gross earnings as reported on his 1993 income tax return. He then reviewed, item-by-item, his various business expenses and stated that “[t]he Husband’s realistic net income is $1,432.17.”
Consequently, the wife’s assertion that the husband agreed to a $2,108 per month net income figure for all support purposes is incorrect and squarely contradicted by the record. The husband’s position was that his true net income was $1,432.17, not $2,108. Further, when the financial affidavit and income tax return are analyzed, it is clear that the net income figure is nowhere close to the $2,108 per month advocated by the former wife.
After the trial court entered the final judgment, the husband moved for rehearing and once again specifically challenged the $2,108 figure. The husband told the trial court that the final order “did not take into consideration the Husband’s expenses in making this award to the spouse.... This does not take into consideration the Husband’s business expense for his company_ In fact, the Husband’s realistic net income is less than $15,-000.00. However, the Court has instructed him to pay out of [his] $15,000.00 net income $13,742.00 to the Wife.” Contrary to the wife’s position, it is abundantly clear that the trial court’s failure to make an allowance for the husband’s business expenses was repeatedly called to the trial court’s attention and the point is adequately preserved for appellate review.[10]
III.
In my view the trial court’s calculation of net income for the husband is fatally flawed and totally unsupported by substantial competent evidence. In fact, the evidence which is of record in this case squarely contradicts the proposition that the husband has the ability to pay this award. Since the support levels which are set in the final judgment will provide the baseline for future enforcement activity, we should reverse the final judgment and remand with directions to conduct a new evidentiary hearing to set a reasonable award for alimony and child support.[11]’[12]

. These are deductions for operating expenses. They do not include any claim for depreciation.

. This was composed of $750 per month permanent alimony, and the husband's share of child support at $395 per month.

. $2,108 minus $1,522 equals $586, or a total of $7,032 per year.

.Many of the expenses shown on the tax return are readily verifiable and facially reasonable, such as insurance, license tag, road tax, amounts paid to the helper, and a small amount for shoes and uniforms. The remaining deductions are for fuel, oil, and repairs.

. The form preparer did add a deduction for truck insurance under the “deductions” item of Form 1.975 before arriving at monthly net income.

. This is a somewhat simplified summary of what was in reality a series of errors in the financial affidavit, some of which were favorable to the husband and some of which were favorable to the wife. The husband originally arrived at a monthly net income of $1,540 per month, but that calculation included a deduction for the temporary child support being paid by the husband for the support of the child at issue in this case. Since that amount was not properly deductible for purposes of computing net income, see § 61.30(3)(e), Fla.Stat. (1993), that deduction was eliminated. With the elimination of that deduction, net income was calculated at $2,108 ($1,540 plus $568 equals $2,108).
On the other hand, the husband had overestimated the deduction he could claim on Form 1.975 for taxes. This overestimate partially offset the failure to deduct business expenses.

.I would be inclined to regard an error of this magnitude as fundamental. The problem is that these clearly erroneous figures will be the subject of enforcement for years to come.

. The trial court does, of course, have the latitude to disallow claimed business expenses where appropriate, but such a ruling must actually have an evidentiary basis in the record. Here, there is none.

. The erroneous overstatement of the husband’s net income for child support purposes results in an excessive child support award, which then limits the ability of the trial court to grant a fair award of permanent alimony to the wife. Consequently, both the child support award and the permanent alimony amount should be recalculated based on corrected income figures.

. The majority states that I am urging this court to sit as a trier of fact and resolve an inconsistency between the appellant’s financial affidavit and the appellant's income tax return. Majority opinion at 767 n. 2. That is not so.
What I have attempted to demonstrate in the dissent is that the husband's financial affidavit and hjs income tax return are consistent with each other. As stated previously, "Nonetheless, when the affidavit is examined as a whole, all of the relevant information is clearly expressed and consistent with the income tax information.” Ante, at 768.
My point is that whether the trial court took the financial affidavit, or the income tax return, as the source document, there is simply no substantial competent evidence to arrive at the award the trial court did. This is not a matter of choosing one document over the other. Application of basic mathematics to the financial affidavit, or the income tax return, or both, demonstrate that there is no basis for the trial court’s allowance — or more accurately, lack of allowance — for operating expenses for the husband’s trucking business.
The majority says that the husband's business income figure was listed on a line which defines business income as being gross receipts less ordinary and necessary expenses required to produce income. Majority opinion at 766 n. 1. What the majority fails to acknowledge is that the husband’s statement of earnings from the cargo firm *771 is the source document on which this figure is based. (Respondent’s Exhibit 4). The most cursory perusal of that exhibit reveals that it is a gross income figure without deduction for any expenses, other than liability insurance. There can be no material dispute on this point. This point is also obvious because the business operating expenses are displayed elsewhere on the husband's financial affidavit, albeit partly under the incorrect category of "automobile expenses.”
The majority also suggests in effect that the financial affidavit form is so clear that no one could conceivably misunderstand it, and that the husband's entry of a gross income figure, rather than a net income figure, on the business income line is somehow a binding admission. I must respectfully suggest that when Form 1.975 is reviewed as a whole, it will be found that the business income line is sandwiched in among many other income items that do, in fact, call for aggregate income received. The mistake that was made here is fairly easy to make, and in any event, there can be no doubt upon reading this financial affidavit as a whole, that the figure stated by the husband as business income was a gross income, not net income, figure.
It is our responsibility to reverse a judgment which is not supported by substantial competent evidence. This is such a judgment.